

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00035-CR

---

LYNTORANCE JAMAL RAWLS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. F13807

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

In 2009, Lyntorance Jamal Rawls was convicted by a jury on three counts of aggravated sexual assault of a child and was assessed ten years' imprisonment and a $5,000.00 fine on each count. Based on the jury's recommendation, all three sentences were suspended, and Rawls was placed on community supervision for a period of ten years. In the judgment of conviction on count one, the trial court also assessed Rawls $406.00 in court costs and $1,500.00 in court-appointed attorney fees. On February 2, 2019, Rawls' community supervision on each conviction was revoked, and he was sentenced to ten years' imprisonment for each conviction, with the sentences to run concurrently.

Rawls' appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal. Counsel has thus complied with *Anders v. California* by providing a professional evaluation of the record and demonstrating why there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel sent a copy of the brief to Rawls, provided him with a copy of the record, advised him of his right to review the record and to file a pro se response, and advised him of the deadline to file his response. By letter dated May 8, 2019, this Court informed Rawls that any pro se

2

response was due on or before June 7, 2019. On July 1, 2019, this Court further informed Rawls that the case would be set for submission on the briefs on July 22, 2019. Rawls has filed neither a pro se response nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Yet, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non-reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. denied) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). Here, nonreversible error is found in the assessment of attorney fees to cover the costs of Rawls' court-appointed counsel related to the revocation.

Although the trial court's judgments revoking community supervision did not order Rawls to pay attorney fees for his court-appointed counsel, the record contains a certified bill of costs from the district clerk in the total amount of $2,306.00, which included $1,850.00 in court-appointed attorney fees. When the trial court pronounced judgment in this case, it did not order Rawls to pay any additional court-appointed attorney fees. Neither was such an order reflected in the trial court's written judgments. However, court-appointed attorney fees set forth in a certified bill of costs are effective, whether or not orally pronounced and whether or not incorporated in the written judgment. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Nevertheless, under Article 26.05(g) of the Texas Code of Criminal Procedure, court-appointed attorney fees may be assessed only if "the court determines that a defendant has financial resources that enable him [or her] to offset in part or in whole the costs of the legal services provided,

3

including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong*, 340 S.W.3d at 765–66 (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

The record contains a bill of costs with an entry denoted "COURT APPT ATTY FEE" and shows the total amount of $1,850.00. As previously noted, $1,500.00 in court-appointed attorney fees were assessed in the original judgment of conviction on count one. Since that judgment was not timely appealed, any complaint regarding that assessment has been procedurally defaulted. *Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015). The remaining $350.00 in court-appointed attorney fees contained in the bill of costs, however, appears to be related to the revocation.

The record also contains a separate finding from the trial court that Rawls was indigent and did not have the financial resources to pay the fees of his appointed attorney. A defendant who is determined to be indigent "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.). The record in this case shows that Rawls was indigent and contains no determination or finding by the trial court that there was a material change in Rawls' financial circumstances or that he had the financial resources to pay the additional attorney fees. Therefore, it was error to assess $350.00 in attorney fees against Rawls for court-appointed counsel during the revocation.

We modify the bill of costs by replacing the entry "$1[,]850.00" for "COURT APPT ATTY

FEE" with "$1[,]500.00." We have determined that the appeal is otherwise without merit.

We affirm the trial court's judgment.[1]


                                        Josh R. Morriss III
                                        Chief Justice


Date Submitted:     July 22, 2019
Date Decided:       July 23, 2019

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.